# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 16, 2010

Lyle W. Cayce
Clerk

No. 08-50817
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO FORD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:97-CR-51-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Lorenzo Ford, federal prisoner # 78699-080, seeks leave to appeal in forma pauperis (IFP) from the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on the November 1, 2007, retroactive amendments to U.S.S.G. § 2D1.1, the Sentencing Guideline pertaining to crack cocaine offenses. Ford, who was sentenced as a career offender under U.S.S.G. § 4B1.1, is serving a 236-month term of imprisonment for distributing crack cocaine within 100 feet of a school.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50817

By moving for leave to proceed IFP, Ford is challenging the district court's certification that his appeal would be frivolous and not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Ford argues that the district court erred in determining that U.S.S.G. § 1B1.10, the Sentencing Guideline governing § 3582(c)(2) proceedings, did not authorize a reduction in his sentence because his guidelines range was not derived from the quantity of crack cocaine involved in his offense, but rather from his career offender status. Ford contends that *United States v. Booker*, 543 U.S. 220 (2005), made application of § 1B1.10 advisory only. He argues that the district court could have reduced his sentence based on its disagreement with the career offender guideline.

The district court correctly concluded that it was not authorized to reduce Ford's sentence because Ford was sentenced as a career offender. *See United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009). Ford's argument that *Booker* had the effect of rendering § 1B1.10 advisory is foreclosed. *See Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010); *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). To the extent Ford's arguments may be construed as challenging the district court's original decision to sentence him as a career offender, they are not cognizable in his § 3582(c)(2) motion. *See United States v. Whitebird*, 55 F.3d 1007, 1010-1011 (5th Cir. 1995).

Ford has not shown that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is DENIED. Ford's motion for the appointment of counsel also is DENIED. Because Ford's appeal is frivolous, it is DISMISSED. *See* 5th Cir. R. 42.2.